UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Lee Wright, | ) | C/A No.  5:12-cv-2232-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lieutenant Albert L. Mack, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel filed on February 4, 2013. ECF No. 36.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Plaintiff moves the court to compel Defendant to respond to Interrogatories Numbers 3, 7, 8, 11, 12, and 13 in his First Set of Interrogatories and Interrogatories Numbers 9, 10, 12, and 13 in his Second Set of Interrogatories.  ECF No. 36 at 1.   Plaintiff also asks the court to compel Defendant to respond to Request Numbers 2, 3, 4 in his First Requests for Production and Request Numbers 1, 2, 3 and 4 in his Second Requests for Production.  *Id.* Plaintiff contends that he served his interrogatories and requests for production on November 12, 2012 and January 14, 2013 and Defendant has not responded.  *Id.*   Plaintiff also requests $2,850 as reasonable costs related to obtaining his requested relief.  *Id.*  Defendant opposes Plaintiff's Motion to Compel arguing that the discovery requests on which Plaintiff is seeking relief are already in Plaintiff's

1

possession, or are irrelevant, overly broad, vague, or ambiguous. ECF No. 37 at 1. The court

will address each disputed discovery request in turn:

First Set of Interrogatories, *see* ECF No. 36-2 at 3-5.

3.    Where were you assigned to work at the Lieber's Institution within the special management unit (SMU)?

RESPONSE: Counsel for Defendant objects to this Interrogatory in that it is vague, ambiguous and unclear.

**ORDERED: Defendant is to identify what area, if any, within the SMU that Defendant was assigned to work for the time period relative to the issues in Plaintiff's Complaint.**

7. Mr. Mack time of the incident did you have to use any force at any time? If yes, why?

RESPONSE: Defendant objects to this Interrogatory in that it is vague, ambiguous, and unclear. Subject to this objection, please see the attached Incident Report.

**ORDERED: Defendant responded to this Interrogatory. Plaintiff's motion to compel is denied.**

8. What kind of force did you use?

RESPONSE: Defendant objects to this Interrogatory in that it is vague, ambiguous, and unclear. Subject to this objection, please see the attached Incident Report (00002-00003).

**ORDERED: Defendant responded to this Interrogatory. Plaintiff's motion to compel is denied.**

11.   The time of the incident, did Plaintiff (Mr. Wright) suffer any or was suffering other injuries on September 7, 2011 before you use force?

RESPONSE: Defendant objects to this Interrogatory in that it is vague, ambiguous and unclear.

**ORDERED: Defendant is to inform Plaintiff, if he knows, whether Plaintiff was suffering from any injuries on September 7, 2011, prior to the alleged use of force by Defendant.**

12. Was this done accordance to what you reported in your incident report?

RESPONSE:  Counsel for Defendant objects to this Interrogatory as it is vague, ambiguous and unclear. Plaintiff's Interrogatory cannot be answered as stated.

**ORDERED:   The court agrees that Plaintiff's interrogatory is vague and cannot be answered as written.  Defendant's objection is sustained.**

13.     Mr. Mack have you ever had to use force other than the incident that occurred on September 7, 2011?  If yes, how many times since you employed at Lieber CI within the Lieber's SMU?

RESPONSE:   Defendant objects to this Interrogatory in that it is vague, ambiguous, overly broad and unduly burdensome.  Further, it is against prison policy to provide an inmate with information regarding other inmates.

**ORDERED:  Defendant is to respond to Plaintiff's inquiry as to whether Defendant has used force on other occasions.**

Second Set of Interrogatories, *see* ECF No. 36-2 at 9.

9.  What is the amount of a burst of chemical munitions (gas)?

RESPONSE:  Counsel for Defendant objects to this Interrogatory as being vague, ambiguous and unclear.

**ORDERED:  Defendant is to provide Plaintiff with the information concerning how many grams of chemical munitions or gas is released with one burst of the chemical munitions OC MK-9.**

10.  Does a burst amount to 167 grams of chemical munitions?

RESPONSE:  Counsel for Defendant objects to this Interrogatory as being vague, ambiguous and unclear.

**ORDERED:  Defendant is to provide Plaintiff with the information concerning how many grams of chemical munitions or gas is released with one burst of the chemical munitions OC MK-9.**

12.  Defendant why did you use so much force (167 grams of chemical munitions) toward Plaintiff?

RESPONSE:   Counsel for Defendant objects to this Interrogatory as this Interrogatory exceeds the allowable limit of Interrogatories under FRCP 33(a)(1).

**ORDERED: Defendant's objection is sustained.**

3

13. Did you wanted [sic] to cause harm toward Plaintiff in any way type of way or reason?

RESPONSE: Counsel for Defendant objects to this Interrogatory as this Interrogatory exceeds the allowable limit of Interrogatories under FRCP 33(a)(1).

**ORDERED: Defendant's objection is sustained.**

First Request for Production, *see* ECF No. 36-2 at 1.

2. Any and all incident reports where the Defendant had written up using force.

RESPONSE: Defendant objects to the Plaintiff's Request No. 2 on the basis that it is vague, ambiguous, overly broad and unduly burdensome. Further, it is against Detention Center policy to provide an inmate with information regarding another inmate.

**ORDERED: The court agrees that Plaintiff's request is overbroad. Defendant's objection is sustained.**

3. All write ups on Defendant such as written warnings, suspension, and etc. etc.

RESPONSE: Defendant objects to the Plaintiff's Request No. 3 on the basis that it is vague, ambiguous, overly broad and unduly burdensome. Further, it is against Detention Center policy to provide an inmate with personal information regarding a prison official.

**ORDERED: The court agrees that Plaintiff's request is overbroad. Defendant's objection is sustained.**

4. The use of force policy.

RESPONSE: Counsel for Defendant objects to Plaintiff's Request No. 4 as disclosure of the SCDC excessive force policy would pose a serious security risk.

**ORDERED: The court finds that Defendant's security concerns regarding Plaintiff's Requests for SCDC's policy on Use of Force is well founded. Defendant's objection is sustained.**

Second Request for Production, *see* ECF No. 36-2 at 6.

1. Plaintiff request the use of force policy.

RESPONSE: Counsel for Defendant objects to Plaintiff's Request No. 1, as disclosure of the SCDC excessive force policy would pose a serious safety and security risk.

**ORDERED:  Defendant's objection is sustained.**

      2.  Plaintiff request the use of force report.

      RESPONSE:  Counsel for Defendant objects to this Request on the basis that it is vague and ambiguous.

      RESPONSE TO PLAINTIFF'S MOTION TO COMPEL:  Defendant contends that he has provided Plaintiff with this information. *See* ECF No. 37 at 4.

**ORDERED:  As Defendant has responded to this Request, Plaintiff's Motion to Compel is denied.**

      3.  Plaintiff request the min narrative report.

      RESPONSE:  Counsel for Defendant objects to this Request on the basis that it is vague and ambiguous.

      RESPONSE TO PLAINTIFF'S MOTION TO COMPEL:  Defendant contends that he has provided Plaintiff with this information. *See* ECF No. 37 at 4.

**ORDERED:  As Defendant has responded to this Request, Plaintiff's Motion to Compel is denied.**

      4.  Any and all incident report where Defendant has use force (chemical munitions)(gas).

      RESPONSE:  Counsel for Defendant objects to this interrogatory as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Counsel for Defendant also objects to providing Plaintiff with any information regarding other inmates or other prison officials as this poses a threat to the safety and security of the institution.

**ORDERED:  This objection is sustained.**

      Plaintiff's Motion to Compel, ECF No. 36, is granted in part and denied in part as set forth above.  Defendant is to provide Plaintiff with a response to Interrogatories 3, 11 (First Set) and Interrogatories 9 and 10 (Second Set) no later than seven days from the date of this Order, March 22, 2013.   Plaintiff's request for costs is denied.  Plaintiff shall have 21 days from the date of this order, April 5, 2013, to supplement his Response in Opposition to Defendant's

Summary Judgment Motion, ECF No. 38, if he deems necessary.  Any supplementation shall be based only on Defendant's responses to Plaintiff's discovery requests as outlined in this Order.


IT IS SO ORDERED.


March 15, 2013                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge