UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timothy Lee Wright, | ) | C/A No. 5:12-cv-02232-TMC-KDW |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| v. | ) | |
| | ) | |
| Lt. Albert L. Mack, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendant Lt. Albert L. Mack ("Defendant" or "Mack") violated his constitutional rights. This matter is before the court on Defendant's Motion for Summary Judgment filed on January 21, 2013.  ECF No. 32.  As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on January 22, 2013 advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 33.  Plaintiff responded to Defendant's Motion for Summary Judgment on February 21, 2013, ECF No. 38; Defendant filed a reply to Plaintiff's response on March 1, 2013, ECF No. 40; and Plaintiff filed a sur-reply on May 6, 2013, ECF No. 49.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because Defendant's motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

I.     Factual Background

Plaintiff, Timothy Lee Wright, is an inmate housed at Lieber Correctional Institution ("LCI").   ECF No. 1 at 2.   Plaintiff filed his Complaint on August 7, 2012 alleging that Defendant Mack used excessive force against him. *Id.* at 4.   Specifically, Plaintiff contends that on September 7, 2011, "Defendant Mack opened the flap on plaintiff's cell door and sprayed plaintiff point blank in his face with 167 grams of . . . chemical munitions . . . for [allegedly] kicking on the cell door."   *Id.*   Plaintiff contends that he was in his cell alone and was not "attempting to harm himself, other prisoners or an SCDC employee [nor was Plaintiff] attempting to destroy any property."   *Id.*   Plaintiff argues "Defendant Mack was not making a good faith effort to maintain or restore discipline, but did so maliciously and sadistically to cause plaintiff harm."   *Id.*   Plaintiff contends that he suffered severe burning, extreme pain, inability to breathe, psychological trauma, inability to sleep, and mental anguish.   *Id.* at 4.   Plaintiff seeks declaratory relief, $2,000 in compensatory damages, and $167,000 in punitive damages.  *Id.* at 5.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.   477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.     Analysis

A.  Eighth Amendment Excessive Force Claim[2]

Plaintiff alleges Defendant Mack used excessive force against him when Mack sprayed Plaintiff in the face with 167 grams[3] of chemical munitions "maliciously and sadistically to cause harm."  ECF No. 1 at 4. Defendant argues that he is entitled to summary judgment on Plaintiff's excessive force claim because he "did not act with ill will or with cruel intent in using chemical

---

[2] Defendant also contends that he is entitled to summary judgment "because plaintiff has presented no evidence that Defendant violated his Eighth Amendment Rights against cruel and unusual punishment." ECF No.  32-1 at 8. In light of the discussion *infra*, the undersigned recommends that summary judgment be denied on this ground.
[3] *See* Use of Force Report 2, ECF No. 49-5.

3

munitions, but rather acted in accordance with Lieber policies on dealing with a disruptive inmate or an inmate who is threatening to destroy state property." ECF No. 32-1 at 5.

The Eighth Amendment prohibition of cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). Thus, courts must analyze both subjective and objective components.

For the subjective component, Plaintiff must prove that Defendant Mack used chemical munitions on him "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley*, 475 U.S. at 321.

"The fact that pepper spray was used in this incident . . . does not mandate that [plaintiff's] claim go forward, as the use of mace, tear gas or pepper spray by prison officials is not a per se violation of a prisoner's constitutional rights when used appropriately." *Townsend v. Anthony*, No. 0:03-2528-RBH, 2006 WL 2076920, at *9 (D.S.C. July 24, 2006). The Fourth

Circuit has observed, however, that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Williams*, 77 F.3d at 763 (internal quotation marks omitted).

In support of summary judgment, Defendant Mack submits his own affidavit and attests that he heard "numerous kicking of cell doors" when he entered the Special Management Unit ("SMU") on the night of September 7, 2011. ECF No. 32-2. Mack avers that he could not determine who was kicking the doors so he gave a "verbal directive to the entire unit to stop kicking the cell doors" and the noise subsided; however, Plaintiff began "yelling and kicking his cell door more aggressively." *Id.* Mack contends that another officer approached Plaintiff's cell and asked him to stop, but Plaintiff refused and the kicking continued. *Id.* Mack attests that he then approached Plaintiff's cell and ordered Plaintiff to "stop yelling and kicking his cell door" and Plaintiff refused. *Id.* As a result, Mack "issued a short burst of chemical munitions through the flap in the cell door in order to restore order and discipline within the unit." *Id.* Mack also avers that he utilized the chemical munitions to prevent Plaintiff from damaging state property. *Id.*

In response to Defendant's arguments, Plaintiff offers affidavits from himself and fellow inmates Andre Waters and Lumumba K. Incumaa. ECF Nos. 38-2, 38-3, 38-4. Plaintiff attests that he was standing at his cell door talking to another inmate when Defendant approached his cell and asked who was kicking on the door. ECF No. 38-2 at 2. Plaintiff avers that he denied he was kicking the door, but Defendant ignored what he said and opened his food flap and sprayed him with chemical munitions. *Id.* at 2-3. Plaintiff states that he was not kicking his cell door. *Id.* at 3. Inmate Waters attests that he was standing at his cell door talking to Plaintiff

when Defendant approached Plaintiff's door and asked who was kicking on the door.  ECF No. 38-3 at 2.  Waters attests that Plaintiff denied kicking the door but Defendant "ignored what Plaintiff said" and Defendant opened Plaintiff's cell flap "and sprayed him numerous times with gas (chemical munitions) into his cell."  *Id.*   Waters attests that he "heard Plaintiff coughing and choking, yelling and screaming "I can't breathe."  *Id.*   Inmate Incumaa attests that he saw Defendant "walk pass with a can of gas (chemical munitions) in his hand, asking who's kicking on the door" and then heard Defendant order Plaintiff's door flap be opened and heard Defendant spraying the chemical munitions.  ECF No. 38-4.  Incumaa attests that he then heard Plaintiff saying he was not kicking the door but that "it didn't stop [Defendant] from spraying the gas into his cell.  He sprayed him anyway."  *Id.*  Incumaa avers Plaintiff was not kicking on the door and Defendant "knew this because while he was gassing [Plaintiff] the person who was kicking on the door, was still kicking on the door at the same time."  *Id.*

In reply to Plaintiff's argument, Defendant contends that the facts set forth in Plaintiff's affidavits "were not alleged in his Complaint, [and] are not properly before this court at Summary Judgment stage."  ECF No. 40 at 2.  Defendant further argues that Plaintiff's affidavits "set forth facts that Defendant Mack was attempting to determine who was kicking on the cell doors" in an attempt "to maintain order and discipline within the prison unit."  *Id.*  Defendant contends that Plaintiff's arguments show that, at most, Defendant "made an incorrect decision and sprayed [Plaintiff] rather than the inmate who was actually kicking his cell door."  *Id.* at 3.  Defendant argues that "even if Plaintiff was not kicking his cell door, proving his case would require the Court to determine if Defendant Mack made the correct decision in a fluid environment.  This is precisely the type of second guessing and utilization of 20/20 hindsight that our jurisprudence forbids."  *Id.*

6

Evaluating the subjective component of Plaintiff's excessive force claim, the undersigned finds that there is a genuine issue of fact as to whether Defendant Mack's actions in spraying Plaintiff with chemical munitions for purportedly refusing to stop yelling and kicking his cell door were "applied in a good-faith effort to maintain or restore discipline."   Viewing the evidence in the light most favorable to Plaintiff as the non-moving party, the undersigned finds that there is a question of fact as to whether Plaintiff was kicking or yelling in his cell when Defendant Mack utilized chemical munitions, and therefore the undersigned is unable to find as a matter of law that Defendant Mack had a "need for application of force" or that Plaintiff's alleged actions posed a threat to the safety of staff and inmates.   Additionally, the undersigned finds that there is a question of fact concerning "the need and the amount of force used."   While a "limited application of mace may be 'much more humane and effective than a flesh to flesh confrontation with an inmate,'" the undersigned is concerned that the amount of chemical munitions used by Defendant Mack, 167 grams, was in a "quantit[y] greater than necessary or for the sole purpose of infliction of pain." *Williams*, 77 F.3d at 763.  *See Robinson v. SCDC*, No. 10-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar. 13, 2012) (citing *Bailey v. Turner*, 736 F.2d 963, 968 (4th Cir. 1984))(finding that "[A] prison official's use of chemical munitions on an inmate to prevent disorder generally does not infringe the Eight Amendment's prohibition against cruel and unusual punishment as long as the quantity of chemical munitions is commensurate with the gravity of the occasion.").

Addressing the objective component that the injury inflicted was sufficiently serious, the undersigned notes that according to the SCDC Medical Summary, after the use of chemical munitions the nurse found Plaintiff "was in absolutely no acute distress" and displayed no signs or symptoms of respiratory distress.  ECF No. 49-4 at 2.  However, the absence of significant

injury alone is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 539 U.S. 34 (2010). The extent of the injury incurred is one factor indicative of whether the force used was necessary in a particular situation; however, if the force used was applied maliciously and sadistically, liability is not avoided simply because the prisoner "had the good fortune to escape serious harm." *Id.* at 38. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury. Accordingly, the undersigned recommends that Defendant's motion for summary judgment on this ground be denied. *See Isgett v. Boone*, C/A No. 8:11-02783-CMC-JDA, 2013 WL 773070, at *3 (D.S.C. Feb. 28, 2013) (citing *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations)).

### B. Qualified Immunity

Defendant asserts that he is entitled to qualified immunity "because his actions were objectively reasonable." ECF No. 32-1 at 6. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the

circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The undersigned finds that, at the time of the alleged misconduct, it was clearly established that it was a violation of the Eighth Amendment for a prison official to use chemical munitions in quantities greater than necessary or for the sole purpose of infliction of pain. *Williams*, 77 F.3d at 763. As discussed above, the undersigned finds that it is a question of fact as to whether Defendant Mack violated this constitutional right, therefore, the court cannot determine at the summary judgment phase that Defendant Mack's actions were objectively reasonable for purposes of granting qualified immunity. *See Peoples v. Lloyd*, C/A No. 1:08-3958-CMC, 2010 WL 3951436 (D.S.C. Oct. 7, 2010) (denying defendant's defense of qualified immunity because issues of fact existed as to defendant's use of excess physical force and use of chemical munitions). The undersigned recommends that Defendant Mack be denied qualified immunity.

### C.  State Law Claims

Defendant contends that summary judgment should be granted on Plaintiff's state law claims as he is not the proper defendant. ECF No. 32-1 at 9. The undersigned has reviewed Plaintiff's Complaint and finds that there is no allegation in the Complaint that Plaintiff is pursuing a claim against Defendant pursuant to South Carolina state law. Therefore, the

undersigned recommends that Defendant's motion for summary judgment on this ground be denied as moot.

IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendant's Motion for Summary Judgment, ECF No. 32, be DENIED.

IT IS SO RECOMMENDED.

June 13, 2013                                              Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation"**