IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Timothy Lee Wright, ) | |
| ) | Civil Action No. 5:12-02232-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Lt. Albert L. Mack, ) | |
| ) | |
| Defendant. ) | |

The plaintiff, Timothy Lee Wright ("Wright"), proceeding pro se, brought this 42 U.S.C. § 1983 action against the defendant, Lieutenant Albert L. Mack ("Mack"), alleging that Mack violated his Eighth Amendment rights by using excessive force against him. On January 1, 2013, Mack moved for summary judgment in his favor, asserting that Wright had not provided sufficient evidence that Mack violated his constitutional rights and that Mack is entitled to qualified immunity. (ECF No. 32-1.) Wright responded to Mack's motion on February 21, 2013 (ECF No. 38), and Mack replied to Wright's response on March 1, 2013 (ECF No. 40). Wright then filed a sur-reply on May 6, 2013. (ECF No. 49).

Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before this court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Mack's motion for summary judgment.[1] (ECF

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

No. 50.) Mack has filed objections to the Report. (ECF No. 57.) Accordingly, this case is now ripe for review.

## I. Background

Wright is an inmate housed at Lieber Correctional Institution. He alleges that, on September 7, 2011, Mack used excessive force against him when he opened the flap on Wright's cell door and sprayed him in the face with 167 grams of chemical munitions for allegedly kicking on the cell door. Wright contends that he was in his cell alone and was not a threat to himself, other inmates, South Carolina Department of Corrections ("SCDC") employees, or SCDC property, so Mack's actions could not have been a good faith effort to maintain or restore discipline and were only meant to cause Wright harm.

Mack, on the other hand, claims that he discharged a short burst of chemical munitions into Wright's cell after Wright refused a direct request from another prison official to stop kicking on the cell door. Mack asserts that he acted in accordance with prison policy to maintain discipline and to prevent Wright from destroying SCDC property.

## II. Legal Standard

Summary judgment is appropriate if, after reviewing the entire record in a case, the court is satisfied that no genuine issues of material fact exist and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under the governing substantive law. *Id.*

To establish a claim for excessive force under the Eighth Amendment, an inmate must show that the prison official acted "maliciously and sadistically for the very purpose of causing

harm," rather than in a good faith effort to maintain or restore discipline. *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986). In making this determination, courts should consider: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff or inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Id.* at 321.

Regarding the deployment of mace in correctional facilities, generally, "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). Accordingly, courts closely scrutinize its use, evaluating the "totality of the circumstances, including the provocation, the amount of gas used, and the purposes for which the gas is used [to] determin[e] the validity of the use . . . in the prison environment." *Bailey v. Turner*, 736 F.2d 963, 969 (4th Cir. 1984). Applying this totality of the circumstances approach, the Fourth Circuit has found that mace can be used constitutionally in small quantities to "prevent riots and escapes" or to control a "recalcitrant inmate." *Landman v. Peyton*, 370 F.2d 135, 138, n.2 (4th Cir. 1966).

### III. Discussion

In his objections, Mack asserts that there is no question of fact as to Wright's excessive force claim. In support, he directs the court to *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996), arguing that the two cases are analogous and that the Report improperly relied on hindsight and applied the wrong standard, denying Mack the deference afforded prison guards under § 1983. The court is not persuaded by Mack's arguments.

This excessive force claim, like the one in *Williams*, is a fact intensive inquiry and the factual differences between the two cases are too significant to ignore. In *Williams*, the prison officials faced five inmates throwing an un-identified, foul-smelling liquid on them. The guards responded by macing the inmates and then placing them in four-point restraints. Although the guards were addressing an obvious threat to their own health and safety, the total amount of mace discharged into the cells was 5.5 grams.[2] *Williams*, 77 F.3d at 764.

In this case, Mack faced a single inmate allegedly kicking his cell door. Wright's actions, even as alleged by Mack, did not threaten prison officials or other inmates. Mack has not alleged that Wright was inciting a riot, or even that other inmates were following his example. In fact, Mack asserts that after the other guard instructed the inmates to stop kicking the doors, only one continued. Under these facts, Mack discharged 167 grams of chemical munitions into Wright's cell.[3] Thus, this case and *Williams* differ significantly in the provocation and amount of munitions used.

The court is mindful of the deference necessarily afforded prison officials acting in fluid and potentially dangerous situations. However, it must balance those considerations against the

---

[2] In *Williams*, the court addressed the quantity of mace in its de minimus injury analysis. Mack appears to suggest that we apply the same analysis to this case. (*See* ECF No. 57, p.7) ("Defendant submits that any concern regarding whether 167 grams of chemical munition was greater than necessary is answered by the fact that Plaintiff had no significant injury."). However, in light of *Wilkins v. Gaddy*, 539 U.S. 34 (2010), the extent of the plaintiff's injury does not factor into the court's assessment of the reasonableness of the force applied.

[3] Throughout his submissions, Mack refers to this discharge as a "limited application" or "short burst." While the court has never directly stated an acceptable amount of chemical munitions, applying the *Whitley* factors, the District of South Carolina has found that: "short bursts" of between six and sixteen grams were acceptable responses to an inmate verbally confronting a prison official and refusing orders to stop masturbating in his cell, *Robinson v. South Carolina Dept. of Corrections*, C.A. No. 5:10-2593-HMH, 2012 WL 851042 *6 (D.S.C. March 13, 2012); a twenty gram discharge was acceptable after an inmate exposed himself to an officer, was uncooperative, verbally assaulted a guard, and then prepared to douse the guard with toilet water, *Townsend v. Anthony*, C.A. No. 0:03-2528-RBH, 2006 WL 2076920 *9 (D.S.C. July 24, 2006); and 33.5 grams was a relatively small amount when the inmate cursed and threw a bar of soap at a guard, *Plummer v. Goodwin*, C.A. No. 8:07-2741-TLW-BHH, 2010 WL 419927 *7 n.4 (D.S.C. Jan. 29, 2010). The court has not found, nor has Mack provided, a case addressing the larger quantity of chemical munitions involved here.

inmates' constitutional rights. In this case, given the evidence presented,[4] a jury could find that Mack violated Wright's Eighth Amendment rights by using chemical munitions in a quantity greater than necessary or for the sole purpose of inflicting pain. Accordingly, the court cannot grant summary judgment at this time.

## IV. Conclusion

After a full review of the record in this case, this court adopts the Report and incorporates it herein. Therefore, Mack's motion for summary judgment (ECF No. 32-1) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

July 31, 2013
Anderson, South Carolina

---

[4] In his objections, Mack argues that "[i]n essence, the Report and Recommendation is relying on post-incident allegations and details in affidavits that show in hindsight, Plaintiff may not have been the inmate kicking on his cell door. This is an exercise in hindsight, which is precisely the type of second guessing and utilization of 20/20 hindsight that our jurisprudence forbids." (ECF No. 57, p. 4.) However, Mack had the same opportunity to present evidence of his view of the facts, but offered only his own affidavit. The result is a credibility dispute that the court may not resolve on summary judgment.

5